**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4591**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICHARD N. GARRIES,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.   Henry Coke Morgan, Jr., Senior District Judge.   (2:03-cr-00069-HCM-TEM-1)

Submitted:  January 28, 2010      Decided:  February 16, 2010

Before MICHAEL and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Lawrence H. Woodward, Jr., SHUTTLEWORTH, RULOFF, SWAIN, HADDAD & MORECOCK, PC, Virginia Beach, Virginia, for Appellant.   Neil H. MacBride, United States Attorney, Robert J. Seidel, Jr., Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard N. Garries was convicted of one count of wire fraud in violation of 18 U.S.C. § 1342 (2006).  While serving his three-year term of supervised release, Garries engaged in conduct which resulted in his conviction on twenty-four felony counts involving fraud, money laundering, false statements, and structuring financial transactions.  Based on these convictions, in conjunction with other related violations of his supervised release, the district court revoked Garries' supervised release and imposed a twenty-four-month sentence for nine violations of supervised release.  Garries appeals this sentence, arguing that the district court erred by sentencing him beyond his six-to-twelve-month advisory sentencing range.  For the reasons that follow, we affirm.

We will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and is not plainly unreasonable.  United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006).  District courts ultimately have broad discretion to revoke a previous sentence and impose a term of imprisonment up to the statutory maximum.  Id. at 439. Here, the district court imposed the maximum sentence, noting that Garries' testimony at the revocation hearing was "unbelievable," "incredible," and "preposterous."  (JA 102). We do not review credibility determinations on appeal, Glasser

v. United States, 315 U.S. 60, 80 (1942), and find that Garries'
sentence was not plainly unreasonable.  Crudup, 461 F.3d at 437.

We dispense with oral argument because the facts and
legal contentions are adequately presented in the materials
before the court and argument would not aid the decisional
process.

AFFIRMED